**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Maria Esperanza BARRAGAN,
Defendant—Appellant.**

**No. 02–50104.
D.C. No. CR–01–02848–MJL.**

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 10, 2003.*

Decided March 12, 2003.

Before LEAVY, FERNANDEZ and BERZON, Circuit Judges.

MEMORANDUM **

Maria Esperanza Barragan appeals her conviction, pursuant to a conditional guilty plea, and sentence for importation of marijuana in violation of 21 U.S.C. §§ 952 and 960.

Barragan's contention that the indictment was defective because the grand jury was not given a nullification instruction that it did not have to indict even if it found probable cause, is foreclosed by *United States v. Marcucci*, 299 F.3d 1156 (9th Cir.2002). Her contention that the federal drug statutes are unconstitutional following *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), is precluded by *United States v. Buckland*, 289 F.3d 558, 562 (9th Cir.) (en banc), *cert. denied*, 535 U.S. 1105, 122 S.Ct. 2314, 152 L.Ed.2d 1067 (2002), and *United States v. Mendoza–Paz*, 286 F.3d 1104 (9th Cir.), *cert. denied*, — U.S. —, 123 S.Ct. 573, 154 L.Ed.2d 459 (2002). *See United States v. Hernandez*, 322 F.3d 592 (9th Cir.2003) (holding that *United States v. Harris*, 536 U.S. 545, 122 S.Ct. 2406, 153 L.Ed.2d 524 (2002), does not overrule *Buckland* or *Mendoza–Paz* ). Finally, her contention that the indictment was defective because it did not allege that Barragan had the *mens rea* as to the drug type and quantity is foreclosed by *United States v. Carranza*, 289 F.3d 634 (9th Cir.),

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

*cert. denied,* —— U.S. ——, 123 S.Ct. 572, 154 L.Ed.2d 458 (2002). Accordingly, Barragan's conviction is

AFFIRMED.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.